#### UNITED STATES DISTRICT COURT
#### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

HENG ZHU,

        Plaintiff,

v.                                          Case No:   6:24-cv-1809-JSS-LHP

THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE A,

        Defendant

_____

### ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO FILE UNDER SEAL DOCUMENTS FOR GOOD CAUSE** (Doc. No. 3)
>
> **FILED:** October 4, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

In this patent infringement case, Plaintiff, through counsel, moves to temporarily file under seal Exhibit B to the complaint, an image of the patent;

Exhibit C, images of Defendants' infringing products; and Schedule A listing the Defendants to this action.  Doc. No. 3.  Plaintiff asserts that courts frequently seal these types of documents, and Plaintiff seeks to file these documents temporarily under seal given his strong concern that Defendants, once discovering this lawsuit and its specifics, will move their assets outside of the United States.  *Id.*  Plaintiff includes with the motion proposed Exhibit C and Schedule A, but does not include Exhibit B.  Doc. Nos. 3-1, 3-2.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11.  The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records.  *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).  "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.  Whether good cause exists is decided by the nature and character of the information in question."  *Romero v.*

*Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

Here, based on Plaintiff's assertions, having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing, the Court finds good cause to temporarily seal Exhibit C and Schedule A. Doc. Nos. 3-1, 3-2. *See K.P. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule A*, No. 2:24-cv-272-SPC-KCD, 2024 WL 1404802, at *1 (M.D. Fla. Apr. 2, 2024) (granting similar motion for temporary seal, stating: "Plaintiff has overcome the presumption of public access and shown good cause for filing the requested documents under seal. Sealing is necessary to avoid Defendants taking action to avoid liability, which Plaintiff has demonstrated occurs with frequency in this sphere."); *see also Twos, LLC v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, 8:23-cv-00139-WFJ-UAM, Doc. No. 7 (M.D. Fla. Jan. 24, 2023

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

(endorsed order granting similar motion requesting to temporarily seal schedule containing the defendants' identities); *Ain Jeem, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule A*, 8:21-cv-1261-VMC-JSS, Doc. No. 5 (M.D. Fla. May 28, 2021) (same).  Plaintiff does not include an Exhibit B with the motion, however, and thus to the extent Plaintiff wishes to file an Exhibit B under seal, the motion will be denied without prejudice.  *See* Local Rule 1.11(b)(8).[2]

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion to File Under Seal Documents for Good Cause (Doc. No. 3) is **GRANTED in part**.

2. Exhibit C and Schedule A shall remain under seal until further Order of the Court.  *See* Doc. Nos. 3-1, 3-2.

3. Plaintiff's Motion (Doc. No. 3) is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2024.

*(signature)*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff attaches an Exhibit B to the complaint, but that Exhibit was filed on the public docket.  *See* Doc. No. 1-3.  To the extent that Plaintiff meant to include that Exhibit B with the present motion, the motion fails to state as much.  Thus, insofar as Plaintiff wishes that the Exhibit B filed with the complaint be removed from the public docket and/or filed under seal, Plaintiff shall separately move for such relief.

Copies furnished to:

Counsel of Record
Unrepresented Parties