UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HENG ZHU,

      Plaintiff,

v.                                       Case No: 6:24-cv-1809-JSS-LHP

THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE A,

      Defendant.

_____/

## ORDER TO SHOW CAUSE

On October 4, 2024, Plaintiff Heng Zhu filed this patent infringement action pursuant to the United States Patent Act, 35 U.S.C. § 281, seeking an injunction against 110 unidentified operators of e-commerce businesses that allegedly sell products that infringe on Plaintiff's patented brush for animals. (Dkt. 1.) The alleged infringers are only identified by URL links to their respective storefronts that are listed on online selling sites such as Temu.com and Amazon.com. (Dkt. S-3-1)

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, (1999). "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins.*

*Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, (1882) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171–172 (1938) and *Thompson v. Whitman*, 85 U.S. 457, 465 (1874)). Generally, courts should address issues relating to personal jurisdiction before adjudicating issues on the merits. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted). "In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the [plaintiff] an opportunity to present their views on the issue." *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988).

The Patent Act's long-arm statute expressly provides:

> Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the Eastern District of Virginia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court.

35 U.S.C. § 293. The court cannot currently conclude that that venue is proper in this court or that it possesses personal jurisdiction over any party in this matter for the reasons explained below.

First, upon review of the complaint, Plaintiff alleges that he is "an individual based in China" and the unidentified Schedule A defendants "upon information and belief, reside in the People's Republic of China or other foreign and domestic jurisdictions." (Dkt. 1 ¶ 4.)  Since Plaintiff is a foreign patentee and the complaint is silent as to whether Plaintiff has designated someone residing in the United States to accept service of process on his behalf with the Patent and Trademark Office, venue and personal jurisdiction over Plaintiff concerning this patent infringement action properly lies in the United States District Court for the Eastern District of Virginia.  35 U.S.C. § 293.

Second, Plaintiff alleges that this court has personal jurisdiction over the unidentified Schedule A Defendants as follows:

> Each of the Defendants has targeted the sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars, and on information and belief, sold products featuring the Plaintiff's patented design to the residents of Florida. Each of the Defendants commit[] tortious acts in Florida, engaging in interstate commerce, and have wrongfully caused the Plaintiff substantial injury in the State of Florida and the United States.

(Dkt. 1 ¶ 2.)  Based on these allegations, the court cannot currently conclude it has personal jurisdiction over the Schedule A Defendants under Florida's Long-Arm Statute.  Fla. Stat. § 48.193; *see Nu Image, Inc. v. Does 1-2, 515*, No. 2:12-cv-109-FtM-29DNF, 2012 WL 3042941, at *4 (M.D. Fla. 2012) ([T]he alleged copyrighted materials in the instant case were alleged to be distributed and offered for distribution in every jurisdiction, but no specific ties to the State of Florida were alleged such that

any of the Defendants would be on notice or could reasonably foresee that they would be 'hauled into court in the State of Florida.' The vague and conclusory allegations in the instant [c]omplaint . . . are not sufficient to satisfy a *prima facie* case for personal jurisdiction in the State of Florida.")

Accordingly, it is **ORDERED** that **on or before January 23, 2025**, Plaintiff Heng Zhu shall **SHOW CAUSE** as to why this case should not be dismissed for improper venue and lack of personal jurisdiction.  Failure to respond to this order will result in dismissal without further notice.

**ORDERED** in Orlando, Florida, on January 9, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record